NO. 12-02-00298-CR


NO. 12-02-00299-CR


NO. 12-02-00300-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 

JOSEPH LEE BRUMMETT,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


 Joseph Lee Brummett ("Appellant") appeals his sentences of thirty years, ten years, and ten
years of imprisonment on three separate charges of possession of a controlled substance. Appellant
presents two issues for review. Because Appellant waived his right to appeal, we dismiss. 

 Appellant was indicted on three separate occasions for possession of a controlled substance,
namely methamphetamine. In the first two indictments, Appellant was charged with possessing
methamphetamine in an amount of one gram or more but less than four grams. In the third
indictment, Appellant was charged with possessing methamphetamine in an amount of 400 grams
or more. 

 On July 1, Appellant pleaded guilty to each of the charges in open court. After hearing
argument from the parties as to the type of punishment Appellant should receive, the trial court
sentenced Appellant to ten years of imprisonment on each charge of possessing one gram or more
but less than four grams of methamphetamine and thirty years of imprisonment on the charge of
possessing 400 grams or more of methamphetamine. Appellant was also credited for the time he
served after he was arrested.

 At the hearing, the trial court also admonished Appellant that by pleading guilty, he was
waiving his right to have a jury decide the punishment he would receive and that he was also waiving
his right to appeal the decision the court made as to punishment. At the conclusion of the hearing,
Appellant's attorney presented, and the trial court accepted, three documents entitled "Waiver of
Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to Appeal," which
stated that Appellant "does not wish to appeal his/her conviction and expressly waives his/her right
to appeal." These documents, one for each charge, were signed by Appellant and his attorney and
also included a fiat, signed by the trial court, granting Appellant's motion to waive his right to
appeal. 

 A defendant in a non-capital felony case may waive any right secured to him by law. Tex.
Crim. Proc. Code Ann. art. 1.14(a) (Vernon Supp. 2003). A valid waiver of the right to appeal,
whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent
of the trial court. Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). A waiver of the
right to appeal is valid when it is made voluntarily, knowingly, and intelligently. Id.

 The trial court admonished Appellant that by pleading guilty to the charges, he would also
be waiving his right to appeal the trial court's decision on punishment. Appellant acknowledged that
he understood that he would be waiving his right to appeal. The reporter's record also indicates that
Appellant's waiver of the right to appeal was presented to and accepted by the trial court, without
any objection by Appellant, after Appellant was sentenced. Because the waiver was tendered to the
trial court and accepted, without objection, Appellant's waiver was valid. Furthermore, the clerk's
record, including Appellant's notice of appeal, is devoid of any evidence showing that Appellant had
received permission from the trial court before he attempted to appeal his sentences; therefore, he
cannot invoke the jurisdiction of this court. 

 Accordingly, we hold that Appellant validly waived his right to appeal; therefore, his appeal
is dismissed.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


(DO NOT PUBLISH)